Per Curiam.

Section 3513.07, Bevised Code, provides that “the form of declaration of candidacy * * * shall be substantially” as therein specified. The form set forth has a line at *94 the end of the declaration with the words under it “(signature of candidate).” On relator’s declaration, relator’s name was typed in on that line. Thereafter that form provides for an affidavit with another line at the end of the affidavit with the same words under it. On relator’s declaration, relator did sign his name on that line at the end of the affidavit.
The Board of Elections rejected relator’s declaration because he had not signed his name on the line at the end of the declaration and before the affidavit. In this action, originating in this court, he seeks an order requiring that board to place his name on the ballot.
Relator contends that his typed name was a signature. Under two other blanks in the statutory form, appear the words “(name of candidate).” In our opinion, it is clear that the General Assembly intended to require that a candidate should sign his name and not merely type it on each of the two lines provided for his “signature.”
This is a simple and obvious requirement. In our opinion, relator did not substantially comply with the statutory requirements.

2Writ denied.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.